UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHAUN ROUNDTREE,

                              Plaintiff,

              -against-                                      22-CV-1697 (CS)

ORANGE COUNTY; DR. JOHN DOE;                                 ORDER TO AMEND
NURSE JANE DOE #1; JANE DOE #2;
NURSE JANE DOE #3,

                              Defendants.

CATHY SEIBEL, United States District Judge:

        Plaintiff Rashaun Roundtree, who is currently incarcerated in Clinton Correctional

Facility, filed this action *pro se* and *in forma pauperis* (IFP) regarding events occurring in the

Orange County Jail in August 2019. Named as Defendants are Orange County and five John and

Jane Does. The following facts are drawn from the amended complaint and attached medical

records.[1]

        On August 15, 2019, Plaintiff went to the medical unit seeking treatment for a "spider

bite swelling up in pain" in his leg. (ECF 7 at ¶¶ 2, 5.) The next day, Plaintiff went back to

medical because his knee was "swelling more" and was "very painful." (*Id.* ¶ 4.) On August 18,

2019, Plaintiff returned to medical, because the antibiotic he had been taking for 3 days was not

working, and a new antibiotic was prescribed. (*Id.* ¶ 5.). Over the next several days, Plaintiff

continued to complain of pain and swelling, and he informed the medical staff that the infection

was "traveling" and that he was experiencing severe pain. (*Id.* ¶ 8.) A culture was performed, and

on August 23, 2019, a lab report revealed the presence of a Methicillin-resistant Staphylococcus

---

[1] Plaintiff filed an amended complaint on June 8, 2022, in response to an order issued by
Chief Judge Swain directing him to do so. (ECF 6, 7.)

aureus (MRSA) infection. On August 26, 2019, Plaintiff told the medical staff that the medication he was taking was causing stomach upset and dizziness, and at some point the lump on his right knee swelled to "the size of a golf ball." (*Id.* ¶ 11.)

Medical records attached to the complaint show the following: (1) on either August 15, 2019, or August 16, 2019, Plaintiff was started on an antibiotic, Bactrim; (2) on August 17, 2019, the antibiotic was switched to Doxycycline; (3) on August 19, 2019, a culture of the wound was taken, and another drug was added; (4) on August 21, 2019, the dosage was increased, and wound care was provided; (5) on August 23, 2019, a laboratory report revealed the presence of MRSA; (6) on August 25, 2019, there was another dosage change; and (7) on August 26, 2019, Plaintiff was seen by a doctor and counseled about side effects from the antibiotic he had just started. (*Id.* at 17-19.)[2]

Plaintiff claims that MRSA is resistant to "certain antibiotics such as methicillin, oxacillin, penicillin, and amoxicillin." (*Id.* ¶ 12.) Plaintiff further asserts that his leg or knee should have been "drained," that the "antibiotic choice for a patient infected with MRSA is vancomycin, which the defendants knew or should have known," and that the mediations prescribed to him aggravated his condition and put "his life in grave danger." (*Id.* ¶ 13.) Plaintiff seeks money damages.

---

[2] The non-paragraph references are to the page numbers on the Court's Electronic Case Filing system.

## DISCUSSION

**A.** **Deliberate indifference**

The Court construes Plaintiff's allegations as a deliberate indifference claim under the

Eighth or Fourteenth Amendments of the United States Constitution.[3] To state a deliberate

indifference claim, a plaintiff must allege that a correction official was deliberately indifferent to

a substantial risk of serious harm to him. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994);

*Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

A convicted prisoner must show that a correction official "kn[ew] of and disregard[ed] an

excessive risk to inmate health or safety; the official must both [have been] aware of facts from

which the inference could [have been] drawn that a substantial risk of serious harm exists, and he

must [have] also draw[n] the inference." *Farmer*, 511 U.S. at 837. A pretrial detainee must show

that "that the defendant-official acted intentionally to impose the alleged condition, or recklessly

failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial

detainee even though the defendant-official knew, or should have known, that the condition

posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Because it appears that Plaintiff was a pretrial detainee on the date of incident, the more

generous standard applies. Even under this standard, however, for the reasons stated below,

Plaintiff fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

To state a § 1983 claim for inadequate medical care under the Eighth Amendment or the

Due Process Clause of the Fourteenth Amendment, a plaintiff must allege facts showing that

---

[3] If Plaintiff was a pretrial detainee during the events that are the basis of his claims, his
claims arise under the Due Process Clause of the Fourteenth Amendment; if he was a convicted
prisoner, such claims arise under the Cruel and Unusual Punishment Clause of the Eighth
Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Weyant v. Okst*, 101 F.3d 845,
856 (2d Cir. 1996).

correction officials were deliberately indifferent to the plaintiff's serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Caiozzo v. Koreman*, 581 F.3d 63, 69-72 (2d Cir. 2009).

Deliberate indifference to a prisoner's medical need is evaluated under a two-pronged test comprised of both objective and subjective components. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component of this standard requires that the alleged medical need be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see also Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (noting that standard contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain").

"Severe infections that cause chronic pain or substantial risk of injury may constitute a sufficiently serious condition so as to give rise to an Eighth Amendment claim where inadequate medical treatment is also alleged." *Jahad v. Holder*, No. 19-CV-4066, 2021 WL 3855445, at *6 (S.D.N.Y. Aug. 26, 2021); *see, e.g., Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003) ("[T]he failure to provide treatment for an otherwise insignificant wound may violate the Eighth Amendment if the wound develops signs of infection, creating a substantial risk of injury in the absence of appropriate medical treatment."). But "[w]here, as is the case here, medical treatment was only denied for a short period of time, the objective prong is not typically satisfied." *Jahad*, 2021 WL 3855445, at *6. Indeed, "Plaintiff's argument that he was denied treatment for an infection in his [leg] is contradicted by his own pleadings and incorporated exhibits." *Id.; see Greene v. Pelkey*, No. 96-CV-286, 2000 WL 341293, at *3 (D. Conn. Mar. 15, 2000) ("[T]here was never any substantial risk of serious harm to Plaintiff, as he was put on antibiotics each time

the possibility of infection was present."). Plaintiff thus fails to plausibly allege the objective prong.

The subjective component requires a prisoner to show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). That is, a plaintiff must show that the defendants knew of and disregarded an excessive risk to the inmate's health or safety by failing to take reasonable measures to avoid the harm. *Caiozzo*, 581 F.3d at 69. Under this standard, a challenge based on the inadvertent or negligent failure to provide adequate care does not raise a constitutional claim under either the Fourteenth Amendment or the Eighth Amendment. *See Estelle*, 429 U.S. at 106; *Chance*, 143 F.3d at 703. "[S]imple negligence, even if it amounts to medical malpractice, does not establish deliberate indifference." *Torres v. Alers*, No. 04-CV-1127, 2005 WL 2372741, at *3 (S.D.N.Y. Sept. 26, 2005) (citation omitted). Medical decisions rise to the level of deliberate indifference "only when they are made contrary to accepted medical standards." *Harding v. Kuhlmann*, 588 F. Supp. 1315, 1316 n.6 (S.D.N.Y. July 19, 1984) (citing *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982)).

The complaint and attachments show that Plaintiff repeatedly sought treatment between August 15, 2019, and August 26, 2019, and was promptly seen and treated each time. Plaintiff was prescribed one antibiotic, which was changed approximately three days later when it did not have the desired effect. Shortly thereafter, when a culture revealed that Plaintiff had MRSA, his medications were changed and the dosages adjusted, and Plaintiff received wound care and counseling about side effects. These facts do not give rise to an inference that medical staff acted with deliberate indifference to Plaintiff's serious medical needs. Insofar as Plaintiff asserts that

his leg should have been "drained," or a different type of antibiotic prescribed, his disagreement with the treatment provided does not rise to the level of deliberate indifference. *Chance*, 143 F.3d at 703. Plaintiff thus does not satisfy the subjective component because he does not allege that any defendant acted with a state of mind akin to criminal recklessness and ignored a serious risk to his health.

**B.     Claims against the named defendants**

1.     Orange County

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

There are no facts in the amended complaint suggesting that a municipal policy, custom, or practice caused a violation of Plaintiff's constitutional rights, and thus Plaintiff has failed to state a claim against Orange County.

2.    Personal Involvement

To state a claim under § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names only Doe defendants in the caption of the complaint, although he mentions individual medical staff members in the body of the complaint. To the extent Plaintiff seeks to hold individuals liable in this matter, he must name them in the caption of the complaint, and provide facts showing how each individual was personally involved in events resulting in violations of his constitutional rights.

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). It is not clear that the defects in Plaintiff's amended complaint can be cured with further amendment. In light

of Plaintiff's *pro se* status, however, the Court grants Plaintiff one final opportunity to amend his pleading should he wish to do so.

## CONCLUSION

Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 22-CV-1697 (CS). A Second Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the action will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 14, 2022
         White Plains, New York

                                                        CATHY SEIBEL
                                    United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

## SECOND AMENDED COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name            Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                        State                  Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                  Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                  Zip Code

Defendant 2:

First Name                  Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                  Zip Code

Defendant 3:

First Name                  Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                  Zip Code

Defendant 4:

First Name                  Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                  Zip Code

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 4

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

Page 5

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
| --- | --- |

| First Name | Middle Initial | Last Name |
| --- | --- | --- |

Prison Address

| County, City | State | Zip Code |
| --- | --- | --- |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6