Amended Complaint

United States District Court

Southern District Of New York

---------------------------------X

Rashaun Roundtree

              plantiff,

Against

Sheriff Orange County, Salwah Khouri MD,
Dep of Administration    defendants

---------------------------------X

AMENDED CIVIL

RIGHTS COMPLAINT

PURSUANT TO

42 USC 1983

CIVIL ACTION NO.:

22-cv-1697(LTS)

JURY TRIAL DEMANDED

RECEIVED JUL 26 2024 CHAMBERS OF CATHY SEIBEL U.S.D.J.

Parties

A. PlANtiFF

Rashaun Roundtree, #19a3294

PROSE

Walkill Correctional Facility

50 Mckendrick Road, P.O. BOX G

WalkilL, NY 12589-0286


B. DEFENDANT NO.1

ORANGE COUNTY; Salwah KHhouri, MD
255-285 Main street, Goshen NY 10924

PAGE 1

Sheriff

C. DEFENDANT NO. 2
Orange County
110 Wells Farm Rd, Goshen NY 10924

D. Defendant No. 3
Dep of Administration of OCJ
110 Wells Farm Road, Goshen NY 10924

<u>Place of Occurence</u>: Orange County Correctional Facility
<u>Date of Occurence</u>: August 15, 2019

## II. Statement Of CLAIM:

1.) On August 15, 2019 plantiff filed a sick call slip and the nature of the problem was described as " spiter bite swelling pain" ( seen by nurse with initials B.M)

2.) On august 16, 2019, plantiff submitted another care request describing the nature of the problem as " knee swelling from spider bite". Very painful . plantiff was seen by a nurse with intitials U.

3.) On august 18, 2019, plantiff again submitted another health care request describing the nature of the problem as: severe pain in my leg from spider bite. Alot of swelling. Ibeen taking antibiotics for 3 days and swelling getting worse.(New antibiotic was pescribed in response)

4.) On august 18,2019, plantiff submitted another health care request setting forth his problem as severe pain in his leg. Need leg drained.

5.) On august 21, 2019, plantiff filed another sick call slip describing the problem as: infection from spiter bite traveling through my leg. Now my ankle is infected. And a private area is feeling weird as well.

8.) On august 23, 2019 an anaerobic culture was performed and it was discovered that plantiff had MRSA INFECTION. Exhibit B

7.) On august 24,2019 plantiff filed sick call slip requesting lab swab results.

8.) On august 26,2019, plantiff filed another sick call slip revealing his problem that medication he was taking for knee infe-ion was making him very dizzy , light headed, up set stomache

9.) At no time was plantiff ever isolated for MRSA infection.

10.) Charles Singletary was a inmate at OCCF who was infected with MRSA and was not isoalted from other inmates in august 2019.

11.) Plantiff was exposed to inmate Charles Singletary and possib-le other infected inmates with MRSA due to provider Salwah Khouri,MD deviating from ordering appropriate infection control measures. And which provider went against policies/standards that were formulaed at muncipal/corporate/clinical level,and CDC guidelines, OSHA LAWS, and federal BUREUA OF PRISONS CLICAL GUIDANCE FOR ANTIMICROBIAL STEWARDSHIP.

PAGE 2

12.) Salwah Khouri, MD was treating provider who was responsible for ordering appropriate care and infection control measures based upon the clinical presentation of the patient. Orange County was responsible For Failure to Follow, and enForce Polocies Even though defendants attorney claimed that himself and the Orange County Attorney were not aware of any provider that deviated from clinical infection control measures and standards of care in August 2019 by failing to isolate an OCCF inmate infected with MRSA(that could have potentially infected plantiff) despite the patients clinical presentation justifying isolation. MRSA also has Future Concerns.

In contradiction to attorney Paul a. Sanders, the treating provid-er who was Salwah KHOURI, MD who was surely responsible for making a decision to isolate Charles Singletary and any other inmate infected with MRSA in OCCF in August 2019, absolutely did deviate from clinical infection control standards of care in August 2019 by failing to isolate Charles Singletary and any other inmates in OCCF infected with MRSA. Exhibit A

13.) By provider Salwah Khouri, MD simply not following MRSA preventio-n measures which would have been to isolate inmate CharleS Singletary and any other inmate infected with MRSA to avoid the spread to other inmates, caused Rashaun Roundtree to have direct contact with inmate charles singletary at medical sick call, and in the hallways at OCCF. And which plantiff sat next to charles sigletary at medical sick call at OCCF in August 2019 on several occasions.
plantiff had several conversations with inmate Charles Singletary at medical sick call and in the hallways at OCCF as plantiff also shook hands with charles singletary on several occasions while Charles Singletary was infected with severe MRSA. And which Charles Singletary actually had to get outside surgey because his severe MRSA infection in august 2019.

14.) Surely, provider Salwah Khouri, MD showed deliberate indifference medically by not isoalting charles singletary and any other inmat-e. ~~And Cruel and unusual Punishment.~~ infected with MRSA. Orange County is also liable For Failure to Impliment, Follow and enForce policies/Standards that were Formulated at Muncipal/Corporate/Clinical level in Accordance with CDC guidelines, OSHA Laws, and Federal Bureau OF Prisons Clinical Guidance For Antimicrobial Stewardship.

PAGE 3

Here the plaintiff claims that defendants were deliberately indifferent to my medical safety in violation of my eighth amendment for failure to isolate Charles Singletary, an inmate at Orange County Jail, who was infected with MRSA, a communicable infection, and failed to follow or/and enforce policies to prevent the spread of communicable infections such as MRSA.

To state a section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom or practice, and (2) that the policy custom or practice caused the violation of the plaintiff's constitutional rights. Jones v. Town of East Haven 691F3D72, 80 (2nd Circ. 2012)

In this matter the Dep. Of Administration of Orange County jail and Sheriff County of Orange, and Dr. Salwah Khouri were all deliberately indifferent at the time of August 2019 for failure to follow and enforce policies to prevent the spread of communicable infections such as MRSA. If there was not a policy in place at the time then its quite clear all defendants were liable for being deliberately indifferent by not having regard for an excessive risk to inmate's health or safety of which defendants were aware. see Phelps v Kapnolas 308F3D180,186(2nd circ. 2002)

Public Health Law 10NYCRR Section 40-2.22 communicable disease control; performance standards clearly states: the local health department shall maintain a program designed to minimize the incidence of communicable disease. The program shall include, at minimum, activities to ensure: (c) minimization of the spread of the disease.

Plantiff request that the defendants disclose the policies At Orange County JAIL that were in place to be followed and enforced in order to prevent the spread of communicable infections such As MRSA. Plantiff also request for the defendants to disclose when WAs it discovered Charles Singletary had MRSA and why WAs Charles Singletary nor plantiff isolated to prevent spread of communicable Infection, MRSA.

PAGE 4

Chapter I. Public Health Service Dep of Health and human services (Refs & Anno's) Chapter F

### 42 C.F.R. 70.6

**70.6** Apprehension and detention of persons with quarantinable communicable diseases

(a) The director may authorize the apprehensions, medical examination, quarantine, isolation, or conditional release of any individual for the purpose of preventing the introduction, transmission, and spread of quarantinable communicable diseases, as specified by executive order based upon a finding that,

(2) the individual is reasonably believed to be infected with a quarantinable disease in a qualifying stage and constitutes a probable source of infection to other individuals who may be moving from a state into another state.

Several courts concluded that MRSA constitutes a sufficiently serious medical condition Washington v. Westchester county Dept. of Corr., No. 13-CV-5322, 2014WL 177 8410, at* 5 (S.D.N.Y. Apr. 25, 2014) (holding that MRSA constitutes a serious medical condition since it is capable of causing death, degeneration, or extreme pain); Gaines v. Armor Health Care, Inc. No. 12-CV-5663,2013, WL 6410311 at* 5 (E.D.N.Y. Dec. 9, 2013) (Indicating that plaintiffs MRSA infection constitutes a serious medical condition);

Wargala v. Erie County Sheriff Dept., No. 08-CV-00280, 2010 WL 376402, at* 4-5 CW.D.N.Y. Jan 25, 2010) (Assuming that the plaintiffs MRSA infection constituted a sufficiently serious medical condition)

By not having or enforcing a policy in accordance with these standards is surely disregarding excessive risk to inmate health and safety.

As the Dep of Administration should have implemented policies in accordance with Osha Laws, CDC guidelines and public health, Dr. Khouri should have been aware of health safety risk and wide spread prevention measure to isolate inmates who are infected with communicable diseases and infections. As isolation of patients or inmates with communicable disease is a health safety prevention standard, mandatory health safety prevention standard, mandatory health safety measure that goes in accordance with OSHA Laws CDC guidelines and medical standards. Exhibit A
Medical decisions rise to the level of deliberate in

difference "only when they are made contrary to accepted medical standards". In this case, defendants acted with requisite deliberate indifference.

Plaintiff was exposed to direct contact with Charles Singletary between July and August of 2019 Orange County Jail on several occasions as defendants were aware Charles Singletary was infected with MRSA, a communicable infection and Dr. Khouri failed to make the right decision acceptable to medical standards by failure to isolate inmate Charles Singletary who Dr. Khouri was aware Charles Singletary was infected with MRSA.

In result plaintiff had direct contact with Charles Singletary by handshakes at medical sick call and in the hallways of Orange County Jail between July and August of 2019. I also was never isolated when I had MRSA. The question is when was it known that Charles Singletary had MRSA? And when was Charles Singletary cleared from MRSA infection?

I vividly remember Charles Singletary telling me he has MRSA at medical sick call between July and August of 2019. As I sat right next to him at medical and we shook hands again once of several occasions.

Dep. Of Administration is also liable for deliberate indifference for not implementing policies in accordance with OSHA Laws, CDC guidelines, accepted medical standards, pertaining to isolation of patients with communicable infections.

(4) To state a claim under 42 U.S.C. 1983, a plaintiff must allege facts showing the defendants direct and personal involvement in the alleged constitutional deprivation. Spavoue v. NY State Dept of Corr. serv., 719 f. 3d127, 135 (2d Circ. 2013)

(5) In order to establish an eighth amendment claim arising out inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs Chance v. Armstrong, 143 F. 3d698,702 (2d Cir. 1998) (quoting Estelle, 429 U.S., at 104)

The deliberate indifference standard consists of both an objective and subjective component Hathaway, 37 F. 3d at 66.

The objective component requires that the plaintiffs alleged medical need "be sufficiently serious" Id As it is quite clear MRSA is a serious medical condition which inmates and patients are required to be isolated.

The subjective component requires the plaintiff to demonstrate that the defendant has acted with a "sufficiently culpable state of mind" Id

In this matter, plaintiff surely proved defendant's deliberate indifference for obvious failure to isolate Charles Singletary and other inmates infected with MRSA, communicable disease by Dr. Khouri and Orange County was responsible as a municipality for failure to implement, enforce and having policies to protect and prevent the spread of communicable diseases such as MRSA which Dep. Of Administration at Orange County jail is responsible for implementing sufficient policies in accordance with OSHA laws and CDC guidelines. As defendants should have been aware to implement, enforce and follow policies to prevent the spread of communicable infections such as MRSA is surely disregard for excessive risk to inmate's health.

Code of Federal Regulations Title 42 Public Health

**70.7 Responsibility with respect to wards and patients**

A parent, guardian, physician, nurse, or other such person shall not transport or procure or furnish transportation for any minor child, or ward, patient or such person who is in the communicable period of communicable disease.

**70.3 All Communicable disease**

A person who has a communicable disease in the communicable period shall not travel from one state or possession to another

**70.18 Penalties**

(a) persons in violation of this part are subject to a fine of no more than $100,000

Violations by organizations $200,000

Plantiff request that defendants pay full fines for violations of public health law in addition to revoke of Dr Khouri's Medical MD license and plantiffs request for Monetary releif due to damages and deliberate indifference.

PAGE 7

*Charles Singletary should be subpeonaed or asked for Affidavit to explain his MRSA condition, when was he infected, and whether he was isolated*

15.) In result plantiff Rashaun Roundtree was infected with MRSA very shortly after having direct contact with inmate Charles Singletary who was already infected with MRSA and Charles Singletary should have been isolated from other inmates in OCCF while he was known to be infected with MRSA in OCCF in august 2019. Exhibit B

As defendants attorney Paul A. Sanders admitted in his letter to the court , and to Hon. Cathy Seibel in his letter dated March 10, 2023 quote on quote "The appropriate couse of action was dependant upon the clinical presentation of the patient. In many cases, standard hygeine, and infection precaution measure -s, short of contact isolation, were appropriate and consistent with th clinical standard of care.

Once again attorney Paul A. Sanders tried to undermind the plant Plantiff and courts by stating "the appropriate couse of action was dependant upon the clinical presentation of the patient". This quote has absolutely nothing to do with the provider's duty to isolate infected MRSA patients in OCCF and provider Salwah Khouri,MD not ordering proper appropriate infection precautin measures for MRSA. Exhibit A

16.) I had a Moderate MRSA infection. Exhibit B
Notably, i had a puss infected lumpd from MRSA on my right knee the size of a golf ball, which infection spread to my ankle and caused permanant scarring.
Provider Salwah Khouri, MD was provider responsible for ordering appropriate care and infection control measures at the time of audust 2019. And provider did clearly deviate from clinical infection control standards of care by not isolating charles sing -letary and any other infected MRSA patient caused plantiff to be deprived of his FOURTEENTH AMANEDMENT being that plantiff suffered a MRSA infection because the provider showed deliberate medical indifference by not simply or dering appropriate care and infection control measures *which was cruel and unusual punishment.(Eight Amendment violation)*

III. Injuries: suffered modreate MRSA INFECTION. puss lump the size of golf ball on right knee, infection travled down leg and caused puss leakage and permanant scarring on right ankle.

IV. Relief: planiff prays for jdgement in his favor for being deprived of his fourteeth amendment, deliberate medical indiffere -ce. Because of the plantiff being deprived of his fourteenth amendment, he was exposed to MRSA and suffered damages physical, mental, permanant scars that deprive him of ceratin enjoyement of life such as intimate settings, water sports, etc.
Do to the facts of this civil matter plantiff prays for a judgement in his favor in the amount of $1.5 Million Dollars or sufficient amount between plantiff and defendants. *Plantiff request that Dr. Khouri medical license get revoked and all defendants pay full fine for penalty code of Federal Regulations*

**V. Exhaustion of Remedies**: Plaintiff did file a grievance in OCCF about puss lump on right knee and lack of medical treatment.

**VI. Previous lawsuits**: Plaintiff has not filed any other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

**VII. cause of action**: Fourteenth Amendment; deliberate medical indifference. Eighth Amendment: Cruel and unusual punishment

**VIII. legal claims**: plaintiff argues that defendants were deliberately indifferent to him by not ordering appropriate medical precaution measures for MRSA. Putting plaintiff in great risk to be infected with MRSA. Which was cruel and unusual punishment. Orange County municipality is liable for not implementing, enforcing and following policies to prevent spread of communicable infections such as MRSA is disregard to excessive risk to inmate's health. Dr. Khouri and Dep of Administration at Orange County Jail is also liable for deliberate indifference. At all relevant times herein, defendants were 'persons' for purpose of 42USC&1983 and acted under color of law to deprive plaintiff of his constitutional rights.

I Rashaun Roundtree, declare under the penalty of perjury that the foregoing is true and correct, and that this complaint was I deliver to prison authorities to be mailed to the Pro SE Office of the United States District Court for the Southern District of New York.

7/23/24                             Respectfully Submitted,

CLIFFORD ANTHONY JOHNSON
NOTARY PUBLIC-STATE OF NEW YORK
No. 01JO6367275
Qualified in Dutchess County
My Commission Expires 11-13-2025

PAGE 10

Case 7:22-cv-01697-CS    Document 44    Filed 07/26/24    Page 11 of 15    Exhibit A

Proof of Infection and Causation of Methicillin-Resistant..., 106 Am. Jur. Proof of...

Upon admission to hospitals and health care facilities, patients who have been transferred from another hospital or institution may have swabs taken to screen for MRSA colonization or infection. Usually, the swabs are taken from the nostrils, groins, genital area, armpits, and/or from any open sores, wounds, or areas of broken skin such as surgical wounds, intravenous sites, and so forth. Health care professionals and hospital workers should also be periodically screened, especially when they are first employed or are transferring from another health care facility.

If a patient in a hospital is found to have MRSA colonization or infection, the patient should be kept as isolated as possible. The patient should be in a single room or a room with other patients who also have MRSA. All unnecessary contact with hospital staff and other patients should be avoided. Sheets, towels, and other hospital linens should be sterilized. Health care personnel and visitors to the patients should wear protective gloves and gowns. [handwritten: *Isolation* I was Never Isolated]

In order to prevent the transmission of MRSA throughout a hospital or health care facility, all precautions must be enforced without exception until follow-up swabs taken from the MRSA patient test negative. This might take a few weeks or up to a month. Any health care professional or worker who is colonized with MRSA should be immediately removed from having contact with patients until a negative test result is obtained.

The most effective way to control the spread of CA-MRSA is by careful hand washing. Skin infections caused by MRSA should be covered with a clean dressing until they are healed in order to avoid passing the infection on to others. Family members, friends, and other people who have close contact with a person having an MRSA infection should wash their hands frequently with soap and water. Personal items that may be contaminated, such as clothing, towels, sheets, and personal hygiene items, should not be shared.

Both the Centers for Disease Control and Prevention (CDC) and the National Collegiate Athletic Association (NCAA) have issued recommendations for preventing the spread of MRSA among athletes. These recommendations include practicing good personal hygiene, including showering after practices and competitions and not sharing personal items such as towels. When athletes participate in sports where equipment is shared or used collectively, it is suggested that they reduce the sharing as much as possible. Equipment and mats should be wiped down regularly with commercial disinfectants. A 1:100 solution of diluted bleach, one tablespoon bleach in one-quart water, can also be used and also proved effective.

Clean hospitals and clean hands are the key to combating MRSA. However, these precautions will not eliminate the infection. A diverse strategy is required. All surfaces in a hospital must be kept clean. The staff must be screened to determine if any workers are carriers of MRSA. Patients, of course, must also be screened to see if any are colonized with MRSA. By performing screening on patients, self-infection is prevented. Hospital equipment that is used on patients' wounds must be carefully sterilized so as not to introduce MRSA into open sores or surgical sites. Air must be kept clean in order to prevent nasal colonization.

Another aspect of prevention which must be considered is the use of antibiotics. When antibiotics are overly prescribed, resistance which causes MRSA and other "superbugs" can result. Thus, restraint should be engaged in regarding such antibiotic treatment. Finally, lifestyle choices can affect the prevention of MRSA. Shared intravenous needles and multiple sexual partners can transmit chronic illnesses that may develop over a long period of time. By refraining from engaging in such practices, MRSA infections may be prevented.

### § 12. Future concerns about MRSA

There is growing concern about MRSA infections because they seem to be increasing in frequency. Also, the MRSA infections are demonstrating more resistance to a wider range of antibiotics. Of great and immediate concern are the strains of MRSA known as vancomycin intermediate susceptibility S. aureus (VISA). These particular strains are beginning to develop a resistance to vancomycin. Currently, vancomycin is the most effective antibiotic against MRSA.

This recent resistance is occurring because of enterococci, another species of bacteria. In the laboratory setting, enterococci are able to transfer the gene for vancomycin resistance over to S. aureus.

Exhibit A

*OCJ Medical refused to take pictures of my injuries involving MRSA*

# LabCorp

**Patient Report**

Specimen ID: 231-042-3155-0
Control ID: NB531081845

Acct #: 31081845    Phone: (845) 291-7595    Rte: 00

**ROUNDTREE, RASHAUN**

Orange County Jail
110 Wells Farm Rd
Goshen NY 10924

**Patient Details**
DOB: ██████
Age(y/m/d): 034/02/08
Gender: M    SSN:
Patient ID: 2019-02552

**Specimen Details**
Date collected: 08/19/2019 1330 Local
Date received: 08/20/2019
Date entered: 08/20/2019
Date reported: 08/23/2019 1506 ET

**Physician Details**
Ordering: M ZACCGMINR
Referring:
ID:
NPI:

General Comments & Additional Information
Clinical Info: R KNEE

Total Volume: Not Provided    Fasting: No

Ordered Items
Anaerobic and Aerobic Culture; Sensitivity Organism #1

| TESTS | RESULT | FLAG | UNITS | REFERENCE INTERVAL | LAB |
|---|---|---|---|---|---|
| Anaerobic and Aerobic Culture | | | | | |
| Anaerobic Culture ^A | | | | | 01 |
| Final report | | | | | |
| Result 1 ^A | | | | | 01 |
| No anaerobic growth in 72 hours. | | | | | |
| Aerobic Culture ^A | | | | | 01 |
| Final report | | Abnormal | | | |
| Result 1 ^A | | | | | 01 |
| Staphylococcus aureus | | Abnormal | | | |

Moderate growth
Methicillin resistant (MRSA)
Based on resistance to oxacillin this isolate would be resistant to
all currently available beta-lactam antimicrobial agents, with the
exception of the newer cephalosporins with anti-MRSA activity, such as
Ceftaroline                                                            01
Antimicrobial Susceptibility ^A
        ** S = Susceptible; I = Intermediate; R = Resistant **
                 P = Positive; N = Negative
          MICS are expressed in micrograms per mL

| Antibiotic | RSLT#1 | RSLT#2 | RSLT#3 | RSLT#4 |
|---|---|---|---|---|
| Ciprofloxacin | R | | | |
| Clindamycin | S | | | |
| Erythromycin | I | | | |
| Gentamicin | S | | | |
| Levofloxacin | I | | | |
| Linezolid | S | | | |
| Oxacillin | R | | | |
| Penicillin | R | | | |
| Rifampin | S | | | |
| Tetracycline | S | | | |
| Trimethoprim/Sulfa | S | | | |
| Vancomycin | S | | | |

*Exhibit B*

FINAL REPORT    Page 1 of 2
Date Issued: 08/23/19 1519 ET
This document contains private and confidential health information protected by state and federal law.
If you have received this document in error, please call 800-631-5250
© 1995-2019 Laboratory Corporation of America® Holdings
All Rights Reserved - Enterprise Report Version: 1.00

*Exhibit B*

Proof of Infection and Causation of Methicillin-Resistant..., 106 Am. Jur. Proof of...

Case 7:22-cv-01697-CS   Document 44   Filed 07/26/24   Page 13 of 15

Exhibit C

## § 2. MRSA—Generally

Staphylococcus aureus (S. aureus) is a bacteria that is normally found on the skin, or in the nose, of 20% to 30% of healthy people. When S. aureus is present in a person without causing symptoms, it is referred to as colonization. When an individual has symptoms, it is called an infection.

Methicillin-resistant Staphylococcus aureus (MRSA) is the name given to bacteria of the Staphylococcus aureus group (S. aureus) that are resistant to the antibiotics generally administered to treat infections with such organisms. In the past, MRSA was an acronym used to refer to resistance to methicillin, an antibiotic in the same class as penicillin. However, now the term MRSA often encompasses a multidrug-resistant group because the bacteria are resistant to many antibiotics traditionally used against S. aureus and not just to methicillin.

MRSA infections are the same as other staphylococcal infections; the organism itself is not any more virulent (or infectious) than usual-type S.aureus. Similar to other S. aureus infections, MRSA can colonize the skin and body of a person without actually causing sickness. Therefore, the infection can be unknowingly transmitted to other individuals.

## § 3. MRSA—Different strains

The antibiotic methicillin was first introduced in 1959. Shortly thereafter, in the 1960s, the first cases of MRSA were noted. Since then, MRSA has spread and was first noted in the 1960s shortly after methicillin was introduced in 1959. Since then, it has spread around the world, especially in hospital settings. Worldwide, there are currently five identified strains of MRSA. Three of the five strains of MRSA had their origins in the initial MRSA isolates from England and Denmark in the 1960s. Since the 1990s, there has been a marked increase in MRSA infections throughout the world.

## § 4. MRSA—Scientific background

MRSA is defined by an oxacillin MIC > 4 ug/ml. The mechanism of resistance is related to the presence of the mec gene on the staphylococcal chromosomal cassette. The mec gene is required for methicillin resistance. The horizontal transfer of the gene into known Methicillin-Sensitive Staphylococcus Aureus (MSSA) strains converts the strains to MRSA in all cases.

The mec gene, which is the crucial component causing resistance, consists of a structural gene and two key regulatory genes. The mecA gene codes for the PBP 2a protein which has decreased binding affinity for penicillins. PBP 2a has the ability to construct an altered yet functional peptidoglycan wall in the presence of penicillins even though the other PBPs are inactive. The mecR1-mecI gene is a negative regulator of mecA. In highly resistant strains of MRSA, mutations in the mecR1-mecI gene are observed. Essentially, in lay terms, the presence of the mec gene makes the bacteria resistant to methicillin. The mec gene changes the site at which methicillin binds to eradicate the bacteria. Consequently, methicillin is not able to effectively bind to the bacteria.

There are five types of the mec gene. Types I, II, and III are found in health care-associated (HA) strains of MRSA. Type IV of the mec gene is found in community-acquired (CA) MRSA strains. HA-MRSA is usually multidrug-resistant. It is also more likely to cause systemic infections related to indwelling catheters and prosthetic devices. HA-MRSA is spread by direct contact. Therefore, to prevent the spread of HA-MRSA, a strict regimen of hand washing, hygienic precautions, and isolation techniques must be employed. HA-MRSA infections are generally more common in hospital and nursing home settings and are often seen in people who have been recently hospitalized or who have been treated at a health care facility, such as a dialysis center).

CA-MRSA is usually found in younger populations. It is more likely to cause skin and soft tissue infections. Typically, CA-MRSA is not multidrug-resistant. Populations which are at high risk for contracting and/or transmitting CA-MRSA include, but are not limited to: athletes, children, Native Americans, aborigines, homosexual males, drug users, and inmates in correctional facilities.



WALLKILL CORRECTIONAL FACILITY
ROUTE 208, BOX G
WALLKILL, NEW YORK 12589-0286

NAME: Rashaun Roundtree   DIN: 19A3294

USMS SDNY

RECEIVED
24 JUL 2024 PM
JUL 26 2024
CHAMBERS OF
CATHY SEIBEL
U.S.D.J.

Honorable Cathy Seibel
United States District Court
Southern District of New York
U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
INCARCERATED INDIVIDUAL CORRESPONDENCE PROGRAM

NAME: Rashaun Roundtree  DIN: 19A3294

WALLKILL  NEOPOST  FIRST-CLASS MAIL
07/24/2024
US POSTAGE $000.00⁰
ZIP 12589
041M11280544
CORRECTIONAL FACILITY

 Printed On Recycled Paper